```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
RAGLAN GEORGE, JR., as Executive Director, :
of District Council 1707, American         :
Federation of State, County, and Municipal :
Employees, AFL-CIO,                        :
                                           :
                    Plaintiff,             :  04 Civ. 8405 (MBM)
                                           :
         -against-                         :  OPINION AND ORDER
                                           :
JOSEPHINE LEBEAU,                          :
                                           :
                    Defendant.             :
-------------------------------------X
```

APPEARANCES:

THOMAS M. MURRAY, ESQ.
(Attorney for Plaintiff Raglan George, Jr.)
KENNEDY, SCHWARTZ & CURE, P.C.
113 University Place
New York, NY 10003
(212) 358-1500

MARSHALL B. BELLOVIN, ESQ.
RACHEL S. ROTHSCHILD, ESQ.
(Attorneys for Defendant Josephine LeBeau)
BALLON STOLL BADER & NADLER, P.C.
1450 Broadway, 14th Floor
New York, NY 10018
(212) 575-7900

MICHAEL B. MUKASEY, U.S.D.J.

Plaintiff Raglan George, Jr., as Executive Director of District Council 1707, American Federation of State, County, and Municipal Employees, AFL-CIO ("DC 1707") moves to stay arbitration of a dispute between DC 1707 and Josephine LeBeau, George's predecessor. For the reasons set forth below, the motion is denied.

II.

The following facts are derived from George's complaint and materials referred to therein.

In October 1994, Robert McEnroe resigned as Executive Director of DC 1707 because of illness. (Id. ¶ 9) On October 5, 1994, the Executive Board of DC 1707 appointed LeBeau to serve as Executive Director for the remainder of McEnroe's term. (Id. ¶ 10) On June 30, 1995, DC 1707 entered into an employment contract with LeBeau. (Id. ¶ 11; Ex. 1 to Affirmation of Marshall Bellovin ("Bellovin Aff.")) Under the contract, LeBeau was to assume the Office of the Executive Director effective June 1, 1995 through May 1996, at an annual salary of $91,000. The contract provided for various benefits, including a lump sum severance payment in the event LeBeau lost her position "in the next election for officers of [DC 1707]" and various pension, health, and insurance benefits. (Compl. ¶ 13; Ex. 1 to Bellovin

1

Aff. at 3) In addition, the contract provided for salary increases and payment of business expenses. (Ex. 1 to Bellovin Aff. at 2-3) It also contained a clause whereby the parties agreed

> to submit any dispute that may arise under this Agreement or as to the meaning or application thereof to final and binding arbitration under the commercial arbitration rules of the American Arbitration Association ("AAA") . . . . The parties hereto expressly waive any right to submit any dispute that may arise under this Agreement or as to the meaning or application thereof to any Court except as provided in this paragraph.

(Ex. 1 to Bellovin Aff. at 3-4) The contract expired in May 1996. (Compl. ¶ 12)

However, LeBeau continued in her position until she lost the election for Executive Director to George on April 29, 2002. (Id. ¶ 7) Thereafter, she made a demand for benefits under her employment contract with DC 1707. (Id. ¶ 14) George denied payment of LeBeau's claim. (Id. ¶ 15)

On September 24, 2004, LeBeau served a demand for arbitration on DC 1707 pursuant to the commercial arbitration rules of the American Arbitration Association, claiming that she is entitled to $316,679.80 plus interest from DC 1707. (Id. ¶ 16; Ex. C to Compl. at 3)

LeBeau argues that she continued employment after May 1996 under the terms in her employment contract because upon expiration, the contract "renewed itself to become a year to year

2

agreement." (LeBeau Opp'n at 3) She bases her claim also on a collective bargaining agreement between DC 1707 and the DC 1707 Professional Employees Union. (Compl. ¶ 16) George contends that LeBeau is entitled to benefits under neither the employment contract nor the Professional Staff collective bargaining agreement because the DC 1707 Executive Board never authorized an employment contract with LeBeau after her employment contract expired in May 1996 (Compl. ¶ 18) and that at the time she lost the election in 2002, LeBeau was not a member of the bargaining unit covered by the Professional Staff collective bargaining agreement. (Compl. ¶ 41)

In addition to a stay of the arbitration, George seeks declarations that (i) LeBeau's employment contract with DC 1707 expired in May 1996, was not renewed, and that LeBeau is not entitled to severance benefits under the contract; (ii) LeBeau is not covered by the Professional Staff collective bargaining agreement and has no rights to severance payments under that agreement; and (iii) it would be a violation of George's fiduciary duty under Section 501(a) of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 501(a), were he to authorize the payment of LeBeau's claims.

II.

George does not appear to dispute that if the

3

arbitration clause in the original employment contract remains in effect, or effectively has been renewed, LeBeau's claim for severance pay and benefits is encompassed within that clause, which extends to "any dispute that may arise under this Agreement or as to the meaning or application thereof." (Ex. 1 to Bellovin Aff. at 3-4) Hence, the only issue in the present motion is whether the arbitration clause is still effective.

It is a general rule under New York law that if "upon the expiration of contract for employment for a definite term, the employee continues to render the same services as [the employee] rendered during the term of the contract without expressly entering into any new agreement, it will be presumed that [the employee] is serving under a new contract having the same terms and conditions as the original one. . . ." Innovative Networks, Inc. v. Satellite Airlines Ticketing Ctrs., 871 F. Supp. 709, 727 (S.D.N.Y. 1995) (citing Borne Chem. Co. v. Dictrow, 85 A.D.2d 646, 648, 445 N.Y.S.2d 406, 411 (2d Dep't 1981)). However, where the original term of an employment contract is for more than one year, the Statute of Frauds precludes a renewal for the full period of the original term absent a written agreement. See N.Y. Gen. Oblig. Law § 5-701(a)(1). Instead, the continuance of employment supports a presumption of renewal of the employment contract on a year-to-year basis. See Innovative Networks, 871 F. Supp. at 727 (citing

4

Borne Chem. Co., 85 A.D.2d at 648 and Hubbell v. Hubbell Highway Signs, Inc., 72 A.D.2d 923, 924, 422 N.Y.S.2d 199, 201 (4th Dep't 1979)). The presumption "is one of fact and may be rebutted." Borne Chem Co., 85 A.D.2d at 648. Accordingly, LeBeau claims that after her original contract expired in May 1996, she continued her employment as Executive Director pursuant to the same terms of that contract on a year-to-year basis. LeBeau argues that DC 1707 should have given the contract full effect and paid her a lump sum severance payment together with health, life insurance, and pension benefits.

George cites Waldron v. Goddess, 61 N.Y.2d 181, 473 N.Y.S.2d 136 (1984), for the proposition that an arbitration clause cannot be extended by a course of conduct. He "seeks to draw too much from Waldron," as the plaintiff in that case expressly rejected an offer -- after her original employment contract had expired -- to renew that contract, which contained an arbitration provision. Royal Air Maroc v. Servair, Inc., 603 F. Supp. 836, 841 (S.D.N.Y. 1985) (limiting Waldron to its facts). "Consequently, the court [in Waldron] was unwilling to override this express rejection and to find the earlier, expired arbitration clause binding." Id. Moreover, the Waldron Court's primary holding was that that plaintiff could not seek arbitration against another employee who was not a party to that plaintiff's employment contract. Waldron, 61 N.Y.2d at 185.

In this case, there was no such rejection or even negotiation to renew the initial employment contract. Rather, LeBeau continued to work as Executive Director of DC 1707 for almost six years before she lost her position to George. Therefore, it is presumed that LeBeau's employment continued according to the contract's terms, but on a year-to-year basis. Instead of offering factual allegations to rebut this presumption, George contends that because LeBeau was elected to a two-year term of office, "and thus a two-year term of employment," the presumption holds only if she "can demonstrate that her implied employment agreement extended for the two years of each of her terms as Executive Director." (George Reply at 3) George either ignores or misconstrues the Statute of Frauds. Because LeBeau continued employment based on an employment contract which provided initially for a term of more than one year, the contract -- and the arbitration clause -- is presumed to have been renewed year to year.

*       *       *

For the reasons set forth above, the motion for a stay of arbitration is denied.

SO ORDERED:

*[signature]*

Michael B. Mukasey
U.S. District Judge

Dated:  New York, New York
        July 6, 2005